THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jimmy L.
 Mullins, Sr., and Mullins Trucking Company, Inc., Plaintiffs,
 Of
 whom Jimmy L. Mullins, Sr., is the Respondent,
 
 
 

v.

 
 
 
 Barbara Solley, Appellant.
 
 
 

Appeal From Jasper County
 Thomas W. Cooper, Jr., Circuit Court
Judge

Unpublished Opinion No. 2012-UP-162
 Submitted February 1, 2012  Filed March
7, 2012    

AFFIRMED

 
 
 
 Jared Sullivan Newman, of Port Royal, for
 Appellant.
 Darrell Thomas Johnson, Jr., and Mills L.
 Morrison, Jr., both of Hardeeville, for Respondent.
 
 
 

PER CURIAM:  Barbara
 Solley appeals the circuit court's order partitioning property she owns with
 Jimmy L. Mullins, Sr., arguing the circuit court erred in (1) finding her claim
 of a gift in equity in the property from her sister was barred by the statute
 of frauds, (2) failing to find the unclean hands doctrine barred Mullins's
 partition action, (3) failing to find Mullins breached the parties'
 pre-purchase contract by mortgaging the property, (4) failing to find Mullins
 materially frustrated the purpose of the pre-purchase contract by mortgaging
 the property, and (5) failing to find the parties should not be bound by the
 pre-purchase contract because the parties' conduct evinced a course of
 performance contrary to the terms of the contract.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:
1.  As to whether the circuit court
 erred in finding Solley's claim that her sister gifted her equity in the
 property was barred by the statute of frauds:  Rule 210(h), SCACR ("[T]he
 appellate court will not consider any fact which does not appear in the Record
 on Appeal."); Smith v. Smith, 386 S.C. 251, 266, 687 S.E.2d 720,
 728 (Ct. App. 2009) (stating the appellant has the burden of presenting a
 sufficient record to allow review). 
2.  As to Solley's
 remaining issues:  Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733
 (1998) (stating an issue "must have been raised to and ruled upon by the
 [circuit court] to be preserved for appellate review"); Smith, 386
 S.C. at 266, 687 S.E.2d at 728 (stating the appellant has the burden of
 presenting a sufficient record to allow review).   
AFFIRMED.
WILLIAMS,
 THOMAS, and LOCKEMY, JJ., concur.
[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.